UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

---

CONSERVATION LAW FOUNDATION, INC., )
)
Plaintiff, )
)
v. )    Case No. 1:16-cv-00493-SM
)
PEASE DEVELOPMENT AUTHORITY, )
et al. )
)
Defendants. )
_____ )

**JOINT MOTION FOR EXTENSION OF STAY**

The Parties hereby respectfully move for an extension of the currently pending stay of this action through and including November 30, 2020, and in support of this motion state as follows:

1.      On January 11, 2019, the Parties jointly filed with the Court a notice that they had settled the above-captioned matter, lodging the Settlement Agreement pending review by the U.S. Department of Justice ("United States") and requesting a stay of then-pending deadlines. (Doc. No. 50). The Settlement Agreement includes terms requiring the Parties to file a Joint Motion for Stay and, within five days of satisfaction of the commitments set forth in subparts (a) through (f) of Paragraph 32 of the Settlement Agreement, to jointly request dismissal of the case with prejudice pursuant to Fed. R. Civ. P. 41. (Doc. No. 50-1 at 23–24).

2.      On March 20, 2019, the Parties filed a Joint Motion for Stay, stating that the United States had no objection to the Settlement Agreement and requesting a stay of the action pending satisfaction of the terms set forth in subparts (a) through (f) of Paragraph 32 of the Settlement Agreement. (Doc. No. 51). The motion included a request "that this Honorable Court continue the current stay until September 20, 2019 and order the parties to either (1) jointly move to dismiss the case or (2) report back regarding the status of this case by September 20, 2019." *Id.* at 1.

3.      On March 22, 2019, the Court issued an endorsed order granting in part the Parties' Joint Motion for Stay, stating: "The case is stayed until September 20, 2019. The clerk shall administratively close the case, and, on September 23, 2019, the case will be dismissed with prejudice, without further reconsideration, if no motion to lift the stay has been filed by close of business on September 20, 2019."

4.      On September 20, 2019, the Parties filed a Joint Motion for Extension of Stay (Doc. No. 53), wherein the Parties requested a 180-day extension of the stay to allow Defendants to begin and/or complete critical substantive commitments in the Settlement Agreement as follows:

> With respect to those commitments, Defendants have submitted supplemental materials to the U.S. Environmental Protection Agency ('EPA') for purposes of requesting a National Pollutant Discharge Elimination System ('NPDES') permit (*see* Doc. 50-11 at 9, ¶ 4); taken the initial step of designing a public education program (*id.* at 11, ¶ 8); and made the first required payment to Plaintiff pursuant to paragraph 24 of the Settlement Agreement (*id.* at 20, ¶ 24). Working in accordance with the Settlement Agreement's schedule, Defendants have not yet completed initiation of implementation of an illicit discharge program (*id.*at 12–14, ¶¶ 9–10), construction and post-construction site runoff program (*id.* at 14–16, ¶ 11), and pollution prevention and good housekeeping program (*id.* at 16–17, ¶¶12–14) as required by the Settlement Agreement.

> *Id.* at 2, ¶ 4.

5.      The Joint Motion also noted that EPA had "not yet rendered a completeness determination relative to materials provided by Defendants for purposes of requesting a NPDES permit." *Id.* at 2, ¶ 5.

6.      The Court granted the motion via endorsed order on September 30, 2019 and stated that "[w]hile the settlement agreement uses the term indefinite stay, obviously the case will not be stayed indefinitely."

7.      Defendants have made progress towards completing items in the Settlement Agreement, including making the second and final required payment to Plaintiff, (*see* Doc. No.

50-1 at 20, ¶ 24), development and implementation of an illicit discharge program, *id.* at 12–14, ¶¶ 9–10, design and implementation of a construction and post-construction runoff and control program, *id.* at 14, ¶11; and commencement of a pilot program to evaluate the efficacy of certain emerging technology that may be used to reduce the presence and/or effects of PFAS in surface waters at Pease International. *id.* at 20, ¶ 25. However, Defendants have still not completed several items in the Settlement Agreement, such as design and implementation of pollution prevention and good housekeeping procedures for municipal stormwater discharges from PDA's municipal separate storm sewer system, *id.* at 16–17, ¶ 12–14.

8.      Additionally, Defendants invoked the Force Majeure clause of the Settlement Agreement (Doc. No. 50-1 at 28, ¶ 47) by sending Plaintiff a letter on May 26, 2020 outlining anticipated delays associated with the COVID-19 crisis.[1] More specifically, Defendants indicated the following anticipated delays and projected timeline for fulfillment of remaining commitments:

a.      Paragraph 9.b. – Illicit Discharge Program: initiation of customary ordinance and/or regulation promulgation procedure has begun, but delays are expected in the review and/or approval process.

Projected Date: Fall 2020

b.      Paragraph 11.a. – Construction and Post-Construction Site Runoff and Control Program: initiation of customary ordinance and/or regulation promulgation procedure has begun, but delays are expected in the review and/or approval process.

Projected Date: Fall 2020

---

[1] CLF does not waive its rights to contest the use of Force Majeure, including any continued assertion of Force Majeure.

c. Paragraph 12 – Pollution Prevention and Good Housekeeping Program for

Municipal Stormwater Discharges from PDA MS4:

Final Design of Program

Projected Date: July 2020

Implementation of Program

Projected Date: October 2020

d. Paragraph 25 (2) – Pilot Project to Evaluate Efficacy of Certain Emerging

Technologies That May be Used to Reduce the Presence and/or Effects of PFAS

in Surface Waters at Pease International: continued implementation impacted

Projected Date: August 2020

9.    Because the conditions required by agreement of the Parties under Section 32 of the Settlement Agreement have not yet been satisfied, the Parties agree that an extension of the current stay is warranted and that dismissal with prejudice at this time would be premature.

WHEREFORE, the Parties respectfully request the Court grant this joint motion and extend the current stay through and including November 30, 2020.

Respectfully submitted,

| CONSERVATION LAW FOUNDATION, INC. | PEASE DEVELOPMENT AUTHORITY AND INDIVIDUAL DEFENDANTS |
|---|---|
| Dated: June 19, 2020 | |
| | Dated: June 19, 2020 |
| By its attorney, | |
| | By its attorneys, |
| /s/ Thomas Irwin | SHEEHAN, PHINNEY, BASS & GREEN, P.A. |
| Thomas F. Irwin, Esq. (#11302) | |
| Conservation Law Foundation | By: /s/ John-Mark Turner |
| 27 North Main Street | John-Mark Turner (#15610) |
| Concord, NH 03301 | 1000 Elm Street, P.O. Box 3701 |
| (603) 225-3060 | Manchester, NH 03105-3701 |
| tirwin@clf.org | (603) 627-8143 |
| | jturner@sheehan.com |

| | |
|---|---|
| Seth Kerschner, Esq.<br>Pro Hac Vice<br>White & Case, LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>(212) 819-8630<br>seth.kerschner@whitecase.com<br><br>Matt Wisnieff, Esq.<br>Pro Hac Vice<br>White & Case, LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>(212) 819-8630<br>matthew.wisnieff@whitecase.com | AND<br><br>GORDON J. MACDONALD, ATTORNEY GENERAL<br><br>J.D. Lavallee, Assistant Attorney General<br>NH Bar No. 265286<br>New Hampshire Department of Justice<br>33 Capitol Street<br>Concord, NH 03301-6397<br>(603) 271-4097<br>jon.lavallee@doj.nh.gov |

## CERTIFICATE OF SERVICE

I hereby certify that the Parties' foregoing document, filed electronically through the ECF system with the Court on June 19, 2020, has been sent electronically to all parties via the ECF system.

*/s/ John-Mark Turner*
John-Mark Turner